# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC. DATA SECURITY BREACH LITIGATION | MDL No. 2:24-md-03126-BMM |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs and Defendants AT&T Inc., AT&T Mobility LLC, and Cricket Wireless, LLC (collectively, "AT&T"), with Plaintiffs (the "Parties"), jointly move to stay proceedings between them to allow the Parties to pursue mediation of their disputes.

"A district court has broad discretion to stay proceedings as incident to its power to control its own docket in an effort to promote judicial economy." *DeMartini v. Johns*, 693 Fed. Appx. 534, 538 (9th Cir. 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Courts weigh three factors when deciding whether to grant a stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice

measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Secs. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

Where, as here, "the parties agree that a stay is appropriate, the possible damage that may result from a stay and the hardship or inequity to the parties are minimal." *A.M.Q.A. v. Lugo*, 2024 WL 871030, at *1 (E.D. Cal. Feb. 29, 2024). Instead, a brief stay will support the just, speedy and inexpensive resolution of this matter. *See* Fed. R. Civ. P. 1; *see also Al-Kaissey v. Mayorkas*, 2023 WL 2899520, at *2 (S.D. Cal. Apr. 11, 2023) (granting a stay where "the parties all contend a stay is necessary to avoid superfluous and burdensome expenses and to prevent waste of judicial resources").

For the above stated reasons, the Court should grant the Parties' joint request for a brief stay of proceedings. If granted, the Parties will file a joint status report and indicate whether there is good cause to continue the stay by March 31, 2025.

DATED this 3rd day of February, 2025.

/s/ John Heenan
John Heenan
**Heenan & Cook**
1631 Zimmerman Trail
Billings, MT 59102
Tel. 406.839.9091
john@lawmontana.com

*Co-Lead Counsel for Plaintiffs*

2

/s/ Gilbert S. Keteltas
Gilbert S. Keteltas
**Baker & Hostetler LLP**
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
Tel. 202.861.1600
gketeltas@bakerlaw.com

/s/ Mark S. Williams
Mark S. Williams
**Williams Law Firm, PC**
235 E Pine St.
Missoula MT 59807
Tel. 406.721.4350
mark@wmslaw.com

*Counsel for Defendants AT&T Inc., AT&T Mobility, LLC, and Cricket Wireless, LLC*